# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                                                                                          4:21CR00066 JM

ANITRIA CHILDS

## ORDER

On March 3, 2021, Anitria Childs was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ms. Childs was arrested on August 3, 2021 in Houston, Texas. At the conclusion of a detention hearing, Magistrate Judge Joe J. Volpe released Ms. Childs with conditions including mental health and anger management treatment, abstinence from drugs and alcohol and no contact with Shatrina Moore. The United States has appealed Judge Volpe's decision to release Ms. Childs.

I.   Facts

In 2007, Ms. Childs was convicted of felony robbery and theft of property in Pulaski County Circuit Court. She was sentenced to 90 days of weekend jail and five years' probation. In 2010, Ms. Childs was convicted of domestic battery and contempt of court in Little Rock district court. She was sentenced to 30 days imprisonment. Ms. Childs has a pending state court charge of possession of firearms, terroristic threatening and aggravated assault. These state court charges are related to the instant offense.

II.   The Law

The Bail Reform Act of 1984 provides that, if a person is ordered released by a magistrate judge, attorneys for the United States may file with the district court a motion for revocation or amendment of the order or amendment of the conditions of release. 18 U.S.C. §

3145(b). The district court reviews a Magistrate Judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc). Pursuant to 18 U.S.C. § 3145(b), the motion "shall be determined promptly." The district court may either hold an evidentiary hearing or review the pleadings and evidence developed before the Magistrate Judge. *United States v. Gaviria*, 828 F.2d 667 (11th Cir.1987); *United States v. Hensler*, 18 F.3d 936 (5th Cir.1994) (unpublished per curiam); *see also United States v. Barber*, No. 5:12–CR–50035–001, 13–50004–001, 2013 WL 3580195, * 1 (W.D.Ark. July 12, 2013) ("Although the review is de novo, and the Court has the power to hold an evidentiary hearing if necessary and desirable, the Court may also simply review the evidence that was before the Magistrate and make an independent determination of whether the Magistrate's findings are correct."). The Court finds that a hearing on the instant motion is not necessary.

The Eighth Circuit has explained that, in most circumstances,

> [c]onsistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention. Section 3142 provides four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention. The judicial officer most often will be deciding between the first and the second alternatives. The statutorily mandated progression from one choice to the next is critical: a judicial officer cannot determine that a detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not "reasonably assure" the defendant's appearance at trial or "will endanger" the community. The judicial officer must also consider whether one of the codified conditions or any combination of the conditions will "reasonably assure" the defendant's appearance and the safety of the community. The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention.

*United States v. Orta*, 760 F.2d 887, 890-91 (8th Cir. 1985). "Only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or

set of conditions under subsection (c) will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Hasan*, 2012 WL 5383099, at *4 (E.D. Ark. Nov. 1, 2012) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985)).

Upon *de novo* review of the pleadings and the transcript of the August 23, 2021 detention hearing, and having considered relevant factors, including the nature and circumstances of the offense charged, the weight of the evidence against Ms. Childs, the history and characteristics of Ms. Childs, and the nature and seriousness of the danger to the community or to an individual, *see* 18 U.S.C. § 3142(g), the Court finds no reason to revoke or amend the detention order at this time. The Court finds that Judge Volpe accurately set forth the relevant facts and that his findings are supported by the record. The United States has failed to demonstrate by clear and convincing evidence that there is no condition or combination of conditions will reasonably assure the safety of the community if Ms. Childs is released. The Court agrees that the conditions set by Judge Volpe, specifically the conditions that Ms. Childs have no contact with Shatrina Moore, get mental health and anger management treatment, and refrain from the use of alcohol, are necessary to reasonably assure Ms. Childs' appearance and the safety of the community. If a violation of these conditions occurs, the Court will promptly reconsider this Order. The decision to release Ms. Childs on bond with conditions is affirmed.

The Appeal of the Magistrate's Decision (ECF No. 17) is DENIED.

IT IS SO ORDERED this 5th day of October, 2021.

_____
James M. Moody Jr
United States District Judge